UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of NUCOR INSULATED PANEL GROUP, LLC, and NUCOR INSULATED PANEL GROUP, LLC,<br><br>            Plaintiffs,<br><br>v.<br><br>CONTROLLED ENVIRONMENT SYSTEMS, LLC, METHUEN CONSTRUCTION CO. INC., BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, and XL SPECIALTY INSURANCE COMPANY,<br><br>            Defendants. | Case No. 2:25-cv-00010-SDN |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES The United States of America, for the use and benefit of Nucor Insulated Panel Group, LLC, and Nucor Insulated Panel Group, LLC (collectively "NIPG"), and file its Complaint against Defendants Controlled Environment Systems, LLC ("CES"), Methuen Construction Co, Inc. ("Methuen"), Berkshire Hathaway Specialty Insurance Company ("Berkshire"), Argonaut Insurance Company ("Argonaut"), and XL Specialty Insurance Company ("XL"), (collectively "Defendants"), respectfully showing the Court as follows:

1

**Preliminary Statement of Case**

1. This is a breach of contract and payment bond action arising out of NIPG's supply of metal wall and roof panels and related components to the Portsmouth Naval Shipyard in Kittery, Maine pursuant to a purchase order contract with CES. NIPG is owed the principal amount of $500,103.60 plus interest, litigation expenses, prompt payment act penalties, and attorneys' fees for material supplied. NIPG asserts breach of contract claims against CES and payment bond claims against Methuen, Berkshire, Argonaut, and XL.

**Parties**

2. Plaintiff is a Delaware limited liability company with offices located in Lewisville, Texas.

3. Defendant CES is a Delaware limited liability company with its principal offices located in Mansfield, Massachusetts.

4. CES may be served with the Summons and Complaint through its registered agent for service of process, CT Corporation System, at 3 Chase Avenue, Augusta, Maine 04330.

5. Defendant Methuen is a Massachusetts corporation with its principal offices located in Plaistow, New Hampshire.

6. Methuen may be served with the Summons and Complaint through its registered agent for service of process, Corporate Creations Network, Inc., at 254 Commercial Street, No. 245, Merrill's Wharf, Portland, Maine 04101.

7. Defendant Berkshire is a Nebraska corporation with its principal offices located in Omaha, Nebraska.

8. Berkshire may be served with the Summons and Complaint through its registered agent for services of process, Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

9. Defendant Argonaut is a Nebraska corporation with its principal offices located in Chicago, Illinois.

10. Argonaut may be served with the Summons and Complaint through its registered agent for services of process, Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

11. Defendant XL is a Delaware corporation with its principal place of business located in Stamford, Connecticut.

12. XL may be served with the Summons and Complaint through its registered agent for service of process, CT Corporation System, 3 Chase Ave., Augusta, ME 04330.

13. The Court has jurisdiction over NIPG's payment bond claims pursuant to 40 U.S.C. § 3133. The Court has jurisdiction over NIPG's breach of contract and other claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 40 U.S.C. § 3133 and 28 U.S.C. § 1391.

**Factual Background**

15. NIPG is a manufacturer of insulated metal wall and roof panels. NIPG sells these panels under certain trade names including "Metl-Span".

16. On February 4, 2020, NIPG's predecessor in interest, NCI Group, Inc. n/k/a Cornerstone Building Brands, Inc. ("Cornerstone"), entered a Credit Agreement with CES, which included terms and conditions that governed the sale of goods between the parties. A true and correct copy of the Credit Agreement is attached hereto as Exhibit "A" and incorporated herein by

reference. NIPG assumed the rights of Cornerstone under the Credit Agreement and the sale of goods which is the subject of this action is subject to the terms and conditions contained in the Credit Agreement.

17. On or around August, 2021, Methuen entered a general contract with the U.S. Department of the Navy for the PNSY Drydock No. 2 construction project (the "Project") in Kittery, Maine.

18. On September 3, 2021, Methuen, as principal, and Berkshire, Argonaut, and XL, as sureties, jointly issued Payment Bond No. 47-SUR-300132-01-0057, SUR0069238, US00111641SU21A (the "Payment Bond") for the protection of subcontractors and material suppliers providing labor and/or material to the Project. A copy of the Payment Bond is attached hereto as Exhibit "B" and incorporated herein by reference.

19. Methuen subsequently entered a subcontract with CES which included the supply and erection of certain insulated metal wall and roof panels.

20. From February-May, 2024, CES and NIPG entered certain agreements for the purchase and sale of certain insulated metal wall and roof panels and related accessories (the "Products") to be supplied to the Project subject to the Terms and Conditions set forth in the Credit Application.

21. NIPG subsequently manufactured and delivered the Products to the Project invoiced CES for the amounts owed. NIPG last supplied the Products to the Project on or about April 16, 2024.

22. Despite supplying the Products to the Project and satisfying all conditions precedent to payment, CES failed to pay the principal amount of $500,103.60, which remains due and owing for the Products supplied to the Project.

23. By failing to pay the purchase price for the Products, CES breached its contract with NIPG. NIPG is entitled to recover from CES the principal amount owed of $500,103.60 plus interest at the contractual rate of 1½ percent per month and reasonable attorneys' fees.

24. On April 11, 2024, NIPG timely transmitted Notice of its claim on the Payment Bond in the amount of $497,779.26 by certified mail to Methuen, Berkshire, Argonaut, and XL. A true and correct copy of the Notice is attached hereto as Exhibit "C" and incorporated herein by reference.

25. On May 29, 2024, NIPG timely transmitted an Amended Notice of its claim on the Payment Bond in the amount of $499,622.39 by certified mail to Methuen, Berkshire, Argonaut, and XL. A true and correct copy of the Notice is attached hereto as Exhibit "D" and incorporated herein by reference. The Amended Bond Claim omitted one invoice in the amount of $481.21. The total amount of NIPG's claim is $500,103.60.

26. NIPG is entitled to recover the principal amount owed of $500,103.60 plus interest and attorneys' fees from Methuen, Berkshire, Argonaut, and XL pursuant to the Payment Bond.

## COUNT I
## Breach of Contract – CES

27. NIPG incorporates herein by reference paragraph numbers 1 through 26 of this Complaint as if fully restated herein.

28. NIPG entered a contract with CES for the purchase and sale of the Products for the Project.

29. NIPG shipped the Products to the Project and satisfied all conditions precedent to payment.

30. CES breached its contract with NIPG by failing to pay NIPG $500,103.60 for the Products supplied to the Project.

31. NIPG is entitled to recover from CES its purchase price of $500,103.60, plus interest and reasonable attorneys' fees.

## COUNT II
## Maine Prompt Payment Act
## 10 M.R.S. Ch. 201-A
## CES

32. NIPG incorporates herein by reference paragraph numbers 1 through 31 of this Complaint as if fully restated herein.

33. NIPG furnished the Products for the Project to CES which were used to improve real property.

34. CES failed to pay NIPG for the Products strictly in accordance with the terms of the contract between CES and NIPG, or in the alternative, within 20 days of the end of the billing period or delivery of CES's invoice to NIPG.

35. CES failed to disclose to NIPG the due date for CES' receipt of payments prior to entering into its contract with NIPG.

36. CES has failed to comply with the payment terms of 10 M.R.S. Ch. 201-A by failing to timely pay NIPG's invoice for the Products.

37. As a result of CES' failure to comply with the payment terms of 10 M.R.S. Ch. 201-A, NIPG is entitled to recover its attorneys' fees, interest on all past due amounts, and a penalty equal to 1% per month for all sums for which payment has been wrongfully withheld, in addition to all other damages due.

## COUNT III
### Claim on Payment Bond – Methuen, Berkshire, Argonaut, and XL

38. NIPG incorporates herein by reference paragraph numbers 1 through 37 of this Complaint as if fully restated herein.

39. Methuen, as principal, and Berkshire, Argonaut, and XL, jointly and severally, issued the Payment Bond for the protection of material suppliers and subcontractors providing material and labor for the Project.

40. NIPG supplied the Products to the Project and was a material supplier entitled to payment protection from the Payment Bond. NIPG is owed on the Project a total of $500,103.60 for the material supplied to the Project.

41. On April 11, 2024, NIPG timely transmitted Notice of its Claim on the Payment Bond by certified mail to Methuen, Berkshire, Argonaut, and XL, a copy of which is attached hereto as Exhibit "C".

42. On May 29, 2024, NIPG timely transmitted Amended Notice of its Claim on the Payment Bond by certified mail to Methuen, Berkshire, Argonaut, and XL, a copy of which is attached hereto as Exhibit "D".

43. NIPG has satisfied all conditions precedent to bringing this suit on the Payment Bond. This action is brought within one year of the date of NIPG's last supply of material to the Project, which occurred on or about April 16, 2024.

44. NIPG is entitled to recover from Methuen, Berkshire, Argonaut, and XL, jointly and severally, the principal balance of $500,103.60, plus interest, litigation expenses, and attorneys' fees pursuant to the Payment Bond.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

WHEREFORE, NIPG hereby demands judgment against Defendants jointly and severally as follows:

(a) For the principal amount of $500,103.60;

(b) Interest at the rate of 1 ½% per month;

(c) For penalties equal to 1% per month for all amounts for all unpaid amounts due to NIPG from CES;

(d) Reasonable attorneys, costs, and expenses of litigation; and

(e) Such other and further relief as the Court deems proper.

Dated at Portland, Maine this 13th day of January, 2025

>   /s/ Aaron P. Burns
>   Aaron P. Burns, Esq.
>   Attorney for the Plaintiffs
>   aburns@pearcedow.com
>
>   PEARCE, DOW & BURNS, LLP
>   P.O. Box 108
>   Portland, ME 04112-0108
>   (207) 822-9900