UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA f/b/o NUCOR INSULATED PANEL GROUP, LLC and NUCOR INSULATED PANEL GROUP, LLC, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CONTROLLED ENVIRONMENT SYSTEMS, LLC, METHUEN CONSTRUCTION SO., INC., BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY and XL SPECIALTY INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:25-cv-00010-SDN |
| Defendants. | ) | |

**DEFENDANTS METHUEN CONSTRUCTION COMPANY, INC.'S, BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY'S, ARGONAUT INSURANCE COMPANY'S and XL SPECIALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Methuen Construction Company, Inc. ("Methuen"), Berkshire Hathaway Specialty Insurance Company ("Berkshire"), Argonaut Insurance Company ("Argonaut"), and XL Specialty Insurance Company ("XL Specialty") (collectively herein, "Defendants"), hereby answer the Complaint of Plaintiffs United States of America f/b/o Nucor Insulated Panel Group, LLC and Nucor Insulated Panel Group, LLC ("Plaintiff" or "Nucor"), as follows:

**Preliminary Statement of Case**

1.     The allegations in paragraph 1 of the Complaint purport to state the facts of the case to which no response is required; to the extent a response is deemed required, Defendants deny the allegations.

**Parties**

2. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore deny the same.

3. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore deny same.

4. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore deny same.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. The allegations in paragraph 6 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants admit that Defendant Methuen was served.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants admit that Defendant Berkshire was served.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants admit that Defendant Argonaut was served.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. The allegations in paragraph 12 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants admit that Defendant XL Specialty was served.

13.     The allegations in paragraph 13 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     The allegations in paragraph 14 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 14 of the Complaint.

### Factual Background

15.     Upon information and belief, Defendants admit the allegations contained in paragraph 15 of the Complaint.

16.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore deny same.

17.     Defendants admit the allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint except admit that Defendants Berkshire, Argonaut, and XL Specialty issued Payment Bond No. 47-SUR-300132-01-0057.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint except admit that Methuen entered into a written subcontract agreement with Defendant CES which is a writing that speaks for itself.

20.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore deny same.

21.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore deny same.

22.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore deny same.

3

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. The allegations in paragraph 24 of the Complaint reference documents and purport to allege information in the documents. Defendants respond that the documents speak for themselves; to the extent a response is required, Defendants deny the allegations contained in paragraph 24 to the extent they are inconsistent with the terms of the documents referenced in paragraph 24.

25. The allegations in paragraph 25 of the Complaint reference documents and purport to allege information in the documents. Defendants respond that the documents speak for themselves; to the extent a response is required, Defendants deny the allegations contained in paragraph 25 to the extent they are inconsistent with the terms of the documents referenced in paragraph 25.

26. The allegations in paragraph 26 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 26 of the Complaint.

**COUNT I**
**Breach of Contract – CES**

27. Defendants repeat and reassert their answers to the allegations contained in paragraphs 1 through 26 of the Complaint as though set forth in full herein.

28. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore deny same.

29. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore deny same.

30. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore deny same.

31.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore deny same.

WHEREFORE, it is respectfully requested that the Court dismiss Plaintiffs' Complaint together with costs and for such other relief as the Court may deem just.

**COUNT II**
**Maine Prompt Payment Act**
**10 M.R.S. Ch. 201-A**
**CES**

32.    Defendants repeat and reassert their answers to the allegations contained in paragraphs 1 through 31 of the Complaint as though set forth in full herein.

33.    The allegations in paragraph 33 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore deny same.

35.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore deny same.

36.    The allegations in paragraph 36 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.    The allegations in paragraph 37 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 37 of the Complaint.

WHEREFORE, it is respectfully requested that the Court dismiss Plaintiffs' Complaint together with costs and for such other relief as the Court may deem just.

## COUNT III
### Claim in Payment Bond – Methuen, Berkshire, Argonaut, and XL

38.    Defendants repeat and reassert their answers to the allegations contained in paragraphs 1 through 37 of the Complaint as though set forth in full herein.

39.    The allegations in paragraph 39 reference documents and purport to allege information in the documents.  Defendants respond that the documents speak for themselves; Defendants deny the allegations contained in paragraph 39 to the extent they are inconsistent with the terms of the documents referenced in paragraph 39.

40.    The allegations in paragraph 40 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.    The allegations in paragraph 41 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.    The allegations in paragraph 42 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.    The allegations in paragraph 43 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in paragraph 44 of the Complaint.

WHEREFORE, it is respectfully requested that the Court dismiss Plaintiffs' Complaint together with costs and for such other relief as the Court may deem just.

### AFFIRMATIVE DEFENSES

1.    Plaintiffs' complaint fails to state a claim upon which relief can be granted.

6

2.    Plaintiffs' claims are barred due to its failure to comply with the terms of 40 U.S.C. §§ 3131 et seq.

3.    Plaintiffs' claims are barred by the statute of limitations.

4.    Plaintiffs' claims are barred or reduced due to the doctrine of waiver and estoppel.

5.    Plaintiffs' Complaint is barred by the doctrine of unclean hands.

6.    Plaintiffs' claims are barred or reduced due to their failure to mitigate damages.

7.    Plaintiffs failed to comply with the terms of the contract, resulting in a material breach.

8.    Plaintiffs' claims are barred because of the lack of satisfaction of conditions precedent to Defendants' obligation to make payment to Plaintiffs.

9.    Defendants reserve the right to supplement these affirmative defenses in light of facts that may be revealed during the course of these proceedings and future discovery.

DATED at Portland, Maine, this 10th day of March, 2025.

/s/ John P. Giffune
John P. Giffune, ME Bar No. 8563
Cyrus E. Cheslak, ME Bar No. 6171
Attorneys for Defendants
Methuen Construction Company, Inc., Berkshire
Hathaway Specialty Insurance Company, Argonaut
Insurance Company, and XL Specialty Insurance
Company

Verrill Dana, LLP
One Portland Square
Portland, ME  04101
207-774-4000
jgiffune@verrill-law.com
ccheslak@verrill-law.com

# CERTIFICATE OF SERVICE

I certify that on March 10, 2025, I caused to be electronically filed Defendants' Answer to Plaintiffs' Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in the above-captioned matter.

*/s/ John P. Giffune*
John P. Giffune, ME Bar No. 8563
Cyrus E. Cheslak, ME Bar No. 6171
Attorneys for Defendants
Methuen Construction Company, Inc., Berkshire
Hathaway Specialty Insurance Company, Argonaut
Insurance Company, and XL Specialty Insurance
Company

VERRILL DANA, LLP
One Portland Square
Portland, ME  04101
207-774-4000
jgiffune@verrill-law.com
ccheslak@verrill-law.com

8

27491474_1