UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

THE UNITED STATES OF AMERICA )
f/b/o NUCOR INSULATED PANEL )
GROUP LLC, and NUCOR )
INSULATED PANEL GROUP, LLC )
)
        Plaintiff )
)
    v. )    2:25-cv-00010-SDN
)
CONTROLLED ENVIRONMENT )
SYSTEMS LLC, et al., )
)
      Defendants )

## ORDER ON MOTION TO STAY AND MOTION
## TO AMEND SCHEDULING ORDER

In this action, Plaintiff asserts claims based on Defendants' alleged failure to pay the cost of materials supplied for a project at the Portsmouth Naval Shipyard. (Complaint ¶ 1, ECF No. 1.) The matter is before the Court on Defendants' motion to stay the case or, in the alternative, to amend the scheduling order. (Motion, ECF No. 34.) Plaintiff opposes the motion. (Response, ECF No. 38.)

Following a review of the record and consideration of the parties' arguments, the Court denies Defendants' motion to stay and grants in part Defendants' motion to amend the scheduling order.

## BACKGROUND

Defendant Methuen contracted with the United States Navy to complete a construction project at the Portsmouth Naval Shipyard. After Plaintiff supplied certain

materials, the Navy invoked the Termination for Convenience Clause and cancelled the contract with Defendant Methuen.

Defendants represent that Defendant Methuen has filed a Termination for Convenience Claim with the Navy seeking compensation for the work that Defendant Methuen and its subcontractors completed prior to the contract's termination. Defendants assert that if the Navy accepts the Termination for Convenience Claim, this matter would likely be resolved. Defendants contend that if the Navy does not accept the claim, Defendant Methuen and Defendant Controlled Environment Systems (CES) would have to litigate their claims against each other to determine whether, and to what extent, the parties are liable to Plaintiffs in this action. To allow time for the Navy to respond to Defendant Methuen's Termination for Convenience Claim, Defendants seek a 90-day stay. Alternatively, Defendants asked the Court to modify the Scheduling Order. Plaintiffs argue that the relief Defendants seek would unnecessarily delay the resolution of this matter.

## DISCUSSION

### A.    Motion to Stay

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706–07 (1997). "Deciding whether to stay proceedings involves balancing the interests of the parties and the Court." *Steele v. Ricigliano*, 789 F. Supp. 2d. 245, 247-48 (D. Mass. 2011) (citing *Landis v. North Am. Co.*, 299 U.S. 248 (1936)). "Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party;

(2) hardship and inequity to the moving party without a stay; and (3) judicial economy." *Good v. Altria Group, Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009).

Plaintiff asserts that a stay will prejudice it because any delay will "extend[] the time until it is paid for the" products it supplied. (Plaintiff's Response at 3, ECF No. 38.) "However, potential for delay does not, by itself, establish undue prejudice." *Aplix IP Holdings Corp. v. Sony Computer Entm't, Inc.*, 137 F. Supp. 3d 3, 5–6 (D. Mass. 2015) (internal quotations omitted). "While a dilatory motive might weigh against a stay," *SCVNGR, Inc. v. eCharge Licensing, LLC*, Civil No. 13-12418-DJC, 2014 WL 4804738, at *9 (D. Mass. Sept. 25, 2014), the record in this case does not support a finding that Defendants' motive is delay simply for the sake of delay. Defendants have identified a specific reason (i.e., the pending Termination for Convenience Claim) for their request. Although Plaintiff's desire for a quicker resolution of the matter is understandable, the parties evidently have not completed discovery. The trial, therefore, is not imminent. Under the circumstances, the Court is not persuaded that Plaintiff would be unduly prejudiced by a limited stay of the proceedings.

Defendants Methuen and CES cite the expense of litigation that might prove unnecessary as the hardship that they would incur without a stay. "In the context of evaluating a request for a stay of proceedings, litigation expenses, even a substantial and unrecoupable cost, do not give rise to hardship or inequity requiring a stay of proceedings." *Does 1-6 v. Mills*, No. 1:21-cv-00242-JDL, 2022 WL 43893, at *3 (D. Me. Jan. 4, 2022). (citations and internal quotation marks omitted). The Court cannot conclude that Defendants would experience a hardship without a stay.

3

Finally, although judicial economy might be served if Defendant Metheun prevails on the Termination for Convenience Claim, the Court cannot discern the likely length of the administrative process, whether Defendant Metheun is likely to prevail on the claim and, if so, whether this matter would be fully resolved by an administrative decision in Defendant Methuen's favor. The interests of judicial economy, therefore, do not necessarily favor a stay.

After consideration of the relevant factors, the Court concludes that a stay is not warranted in this case.

### B.     Motion to Amend Scheduling Order

Given the claims and crossclaims asserted in the case, the Court is convinced that an extension of the Scheduling Order deadlines is warranted to allow the parties to complete the necessary discovery.  The Court, therefore, will grant in part Defendants' motion to amend the scheduling order.

### CONCLUSION

Based on the foregoing analysis, the Court denies Defendants' motion to stay and grants in part Defendants' motion to amend the scheduling order.

The Court amends the Scheduling Order as follows:

Plaintiffs shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefore by:   September 15, 2025.

Defendants shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefore by:  October 22, 2025.

Deadline to Complete Discovery:  December 5, 2025.

Deadline to File Notice of Intent to File Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h):  December 12, 2025.

Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions Challenging Expert Witnesses with Supporting Memoranda:  December 30, 2025.

Expected Trial Date: The case shall be ready for trial by February 2, 2026.

Further Matters in Aid of Disposition: Plaintiffs shall make a written settlement demand upon Defendants by November 5, 2025.  Defendants shall respond in writing by November 19, 2025.

All other aspects of the existing Scheduling Order shall remain in effect.

## **NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of August, 2025.